# THE HOME FLAX COMPANY

## *v.*

# ORSON BEEBE.

1. VARIANCE — *between instrument offered in evidence and copy attached to declaration — when immaterial.* This court has repeatedly said, that it is no objection to an instrument in writing, offered in evidence, that it varies from the *copy* of the same attached to the declaration — such instrument corresponding with the allegations of the declaration.

2. PLEADING AT LAW — *when execution of instrument sued on is denied.* A party is precluded, on the trial, from denying the execution of the instrument sued upon, unless his plea denying it is verified by affidavit.

3. CONTRACTS — *construction of a particular contract.* In an action upon the guaranty, *alone*, contained in the following agreement :

"MOMENCE, May 29th, 1865.

"In consideration of the seed given by the Home Flax Co., to me, of 60 bushels of flax seed, the receipt of which is hereby acknowledged, I agree with them to sow said seed this season, 2½ bush. per acre, and to sell them all of the crop produced, straw and seed, from the said seed. All the straw and seed to be delivered, in good merchantable order, on or before the first day of November, 1865, to our agent in Momence, said Home Flax Co. agreeing to pay, for said straw, $8.00 per ton, and for the seed, the customary market rates when delivered, and guarantee 1½ tons per acre. Signed,

"T. GRAY, AG'T,
"ORSON BEEBE."

*Held :* The construction of this agreement to be, that the Home Flax Co. would furnish the seed, buy the straw at the specified price, and the seed at the market price, and guarantee one and one-half tons of straw to the cultivated acre ; that plaintiff would properly prepare the ground, sow the seed, tend and husband the crop in a skillful manner, and deliver the product at the stipulated time and place.

4. SAME. That in such case, the proof showing that the crop was a failure, and the straw and seed worthless, it was not necessary that plaintiff should deliver, or offer so to do, such worthless straw, the action being upon the guaranty *alone*, which the defendant was bound to make good.

5. PRACTICE — *rendering judgment on verdict disposes of a motion to set aside.* A judgment rendered on a verdict, disposes, *ipso facto*, of a motion to set the verdict aside.

1868.] HOME FLAX CO. *v.* BEEBE. 139

Statement of the case.    Opinion of the Court.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of assumpsit, brought, in the court below, by the appellee, against the appellants, to recover on the *guaranty alone* contained in the following agreement:

"MOMENCE, May 29th, 1865.

"In consideration of the seed given by the Home Flax Co., to me, of 60 bushels of flax seed, the receipt of which is hereby acknowledged, I agree with them to sow said seed this season, $2\frac{1}{2}$ bush. per acre, and to sell them all of the crop produced, straw and seed, from the said seed. All the straw and seed to be delivered, in good merchantable order, on or before the first day of November, 1865, to our agent in Momence; said Home Flax Co. agreeing to pay, for said straw, $8.00 per ton, and for the seed, the customary market rates when delivered, and guarantee $1\frac{1}{2}$ tons per acre.

"T. GRAY, AG'T,
"ORSON BEEBE.

The case was tried before the court and a jury, who found a verdict for the plaintiff, for $288.00, upon which judgment was rendered, to reverse which, the case is brought to this court by appeal.

Mr. H. LORING, for the plaintiffs in error.

Mr. THOMAS P. BONFIELD, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The principal points made on this record are, a variance between the instrument of writing offered in evidence and the copy of the same attached to the declaration. This, under

repeated rulings of this court, is no objection to the admission of the writing on the trial, and was properly overruled, as, on its face, it was competent evidence for some purpose. There is no pretense it does not correspond with the allegations in the declaration.

It is also insisted that the proof did not sustain the averments in the first and second counts of the declaration, as to the parties making the agreement.

The agreement purports to have been made by defendant in error, with the Home Flax Company, by T. Gray, their agent, and the company are sued upon it. If it was not their agreement, they should have attached to their plea an affidavit denying its execution. This was not done, and they must be taken as one of the contracting parties.

The next point made, questions the rulings of the court on the instructions asked by the plaintiff, and modifying those asked by the defendants.

These instructions involve the consideration of the construction proper to be put upon the agreement of these parties. It seems clear to us, the true construction of the agreement is, that the flax company, as an inducement to the plaintiff to engage in the cultivation of flax, of which he had no practical knowledge, would give him the seed — would buy the straw at eight dollars per ton, and the seed at the market price; and, as a further inducement to occupy his land in the experiment, they would guarantee to him the product of one and a half tons of straw to the acre cultivated; the plaintiff, on his part, agreeing to deliver the product to the agent of the company, at Momence, on or before the first of November, 1865. On the part of the defendant in error, the agreement implies that he will prepare the ground in a proper manner, sow the seed in quantities stipulated, tend the crop, and husband it in a skillful manner. Doing all these, a crop of one and a half tons per acre is guaranteed.

The proof shows that the defendant in error did all these things, but, owing to a bad season, he gathered nothing but worthless straw, and a very small quantity of seed, not worth the trouble and expense of saving. The proof fails to show that he delivered, or offered to deliver, such straw as he did raise, at Momence, on the first of November.

A careful reading of the instructions for defendant in error, satisfies us they embody, as the central idea, the right of defendant in error to recover on this guaranty, and nothing more, and the jury so found. The instructions are substantially correct, and directed the consideration of the jury to the matter of the guaranty, which the plaintiffs in error were bound to make good.

As to the second instruction of plaintiffs in error, we do not perceive its relevancy to the case made by the pleadings and proof. No claim was set up by the plaintiff in the action for the value of the straw or seed, but his claim rested wholly on the guaranty. This instruction might, with propriety, have been refused by the court — its modification could work no injury.

As to the third instruction, by the contract, defendant in error was to deliver the straw he might raise, at Momence, on or before the first day of November, after gathering the crop.

As the witnesses on his behalf state the crop was worth nothing — there was no lint in the straw, and but a very small quantity of seed — and, if hauled to Momence, would undoubtedly have been rejected, and a useless labor and expense incurred, — now, as the suit is brought alone upon the guaranty, the fact that worthless straw was not delivered at Momence, can make no difference, nor disparage the right of, the plaintiff to recover. If it was an injury to the company that the straw, such as it was, was not delivered, then they might have recouped the damages, but they made no such claim. They seemed to have acquiesced in the fact that the straw was worthless. This third instruction might also have

been refused, and its modification, by the court, prejudiced, in no degree the rights or interests of the company.

The remaining point grows out of the seventh assignment of error which is, in rendering judgment on the verdict of the jury without disposing of the motion to set aside the verdict. It is sufficient to say, in answer to this assignment of errors, that a judgment on a verdict disposes, *ipso facto*, of the motion to set aside the verdict.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*