## WILLIAM H. GLAZIER

*v.*

## JACOB STREAMER.

1. PLEADING—*before justices of the peace.* Although not strictly formal, a plea of non-assumpsit, sworn to, and not objected to by the plaintiff, will put in issue the execution of a promissory note in a justice's court.

2. PLEADING AND EVIDENCE. It is error in the circuit court to admit a note in evidence, when its exeution is thus denied, without proof that it was executed by the defendant.

3. SAME. Where there was no evidence of the execution of the note sued on, but an admission by the defendant of the genuineness of a note not identified as the note in controversy, and where the evidence strongly tended to support the defense that the note was obtained by fraud and circumvention: *Held*, that it was error to instruct the jury that defendant was estopped to deny the execution of the note, and that the jury should not consider any evidence to that effect, in making their verdict.

4. PROMISSORY NOTE—*fraud and circumvention.* Where the evidence shows a promissory note was obtained by fraud and circumvention, and the defendant had used due diligence when the note was obtained, the defense is complete.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

The facts of the case appear in the opinion.

Messrs. BEATTIE & ROBINSON, for the plaintiff in error.

Mr. S. E. PAYSON, and Messrs. BUSHNELL & AVERY, for the defendant in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

Streamer sued Glazier, in justice's court, upon a promissory note, alleged to have been made by the latter to one Johnson, and by him assigned to the former before maturity. Glazier contending, as appears by the evidence, that he never executed the note, and that its execution was obtained by fraud and circumvention, used by Johnson in a patent right transaction, filed in justice's court what was evidently intended as an affidavit denying the execution of the note sued on; but instead of its being a direct denial, it was in the form of the usual plea of *non assumpsit*, sworn to be true in substance and fact.

An appeal was taken to the circuit court, and this form of affidavit was filed in that court, with the transcript of the justice. With the affidavit remaining on file in the cause, and without any motion to strike it from the files the parties, went

to trial. The court permitted the plaintiff to introduce the note in evidence, without proof of its execution, and against the objection of the defendant; and also instructed the jury, in substance, that the defendant was estopped from denying the execution or signing of the note in controversy, and that no evidence to that effect should be considered by the jury, in arriving at a verdict.

The evidence in behalf of the defendant below, tended strongly to support the defense, that the execution of the note was obtained by fraud and circumvention. Indeed, the only evidence in rebuttal, was the testimony of the justice as to an admission made by the defendant to him out of court, in respect to the genuineness of *a* note, when no note was exhibited to him.

In *Palmer* v. *Manning*, 4 Denio R. 131, where the evidence to prove the making of a promissory note, purporting to be signed by the defendant, was, that the plaintiff's agent called on the defendant with the alleged note in his pocket, but which he did not exhibit, and told him he had a note for that amount against him which he wanted payment of for the plaintiff; and the defendant said he had given such a note, and would pay it, if the plaintiff would make a small deduction, and indulge him as to time; but it was held by the court, that the note produced on the trial was not identified with that to which the admission referred, and the evidence of such confession alone, was not sufficient to submit to a jury to pass upon the question, whether the defendant executed the note produced. See also *Shaver* v. *Ehle*, 16 Johns. R. 201.

The justice's testimony, as to Glazier's admission, was not sufficient to base a verdict in favor of the execution of the note, even if that testimony was unexplained. But it was explained, and satisfactorily shown, that Glazier had no reference to the note sued on, because he did not know of its existence.

We are of opinion, that the ruling of the court was fatal to a defense which might otherwise have been successful.

The mode of denying the execution of the note, was not only competent, but usual, in original actions brought in the circuit court; and, though not strictly proper in justice's court, yet, as the plaintiff went to trial without moving to strike the plea and affidavit from the files of the circuit court, he should not have been permitted to disregard it upon the trial.

Upon the undisputed facts shown by the defendant, the jury would have been warranted in finding that the execution of the note was obtained by fraud and circumvention, used by the payee, and if they had also found, from the circumstances, that Glazier used due diligence, according to the principle of the case of *Leach* v. *Nichols*, 55 Ill. 273, the defense would have been complete.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*