GOTTLEIB WURSTER

v.

AUGUSTUS W. REITZINGER.

</div>

1. EVIDENCE—ADMISSIONS.—Where, at the time of the making of the alleged admissions, the party making them was indebted to the same parties upon other notes which he did not dispute, and it does not appear that the notes in suit were shown to him at that time, evidence of admissions claimed to apply to them is not sufficient to be submitted to the jury.

2. NOTE OBTAINED BY FRAUD — RATIFICATION.— Where the execution of a note is obtained by fraud and circumvention, so that it would be void even in the hands of a *bona fide* assignee, the ratification which would ren-

der it valid could be little less than some act amounting to a re-issuance by the maker, or to an estoppel *in pais*, because it was *ab initio* void. The burden of proof is upon the plaintiff to show such ratification.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed February 4, 1880.

Mr. H. D. P. Hoiser, for appellant.

Messrs. Mattocks & Mason, for appellee; as to the right to amend the pleadings after appeal, cited Grassly v. Adams, 71 Ill. 550; Rev Stat. Chap. 7, § 2.

McAllister, J.   This was assumpsit in the Superior Court of Cook county, by appellee, as receiver of the Indianapolis Glass Works Company, against appellant Wurster and one Huttenlocher, the latter not being served, upon two promissory notes alleged to have been executed by said defendants, as co-partners to said Glass Works Company; one at four months, dated July 15, 1873, for $350; the other at two months, for same amount, both at 10 per cent. interest and purporting on their face to have been signed by one C. F. Stiegle, as agent for defendants. Wurster filed the plea of general issue and a plea duly verified denying the execution of the notes.   The case was tried by the court without a jury; the finding was for the plaintiff, and his damages were assessed at eleven hundred dollars, on which the court, overruling defendant's motion for a new trial, gave judgment, and defendant took an appeal to this court.   The evidence and rulings of the court are preserved by bill of exceptions.

The plainest principles of justice require that the judgment in this case should be reversed.   It appears upon the face of the two notes in question that the name of the defendants was signed by one C. F. Stiegle, and it appears by the uncontradicted evidence that Stiegle not only had no authoriy to sign the defendants' name to them, but the execution of them was obtained by fraud on the part of the collecting·agent of said corporation, the Indianapolis Glass Works Company, the payee,

who, when the defendants were out of town, went to the house of Stiegle in the evening and asked the old man to sign them. Upon Stiegle refusing and saying he had no authority, said agent then overcame his resistance by representing that he had arranged the evening before with Wurster and Huttenlocher that he, Stiegle, might sign the notes for them. That statement was false, and is so shown by uncontradicted testimony, as well as the representation made to Stiegle to induce him to execute the notes, when he was in no respect authorized to do so. The execution having been obtained in that way, those notes were no better in law or in fact than if that agent of the Glass Works Company had deliberately forged the names of Wurster & Huttenlocher to them at Indianapolis. But, as is quite too common with such agents, the attempt was made to infuse validity into these notes by testimony of admissions and recognition on the part of Wurster, with a view of showing that he ratified the act of Stiegle. We have carefully read this record. All such alleged admissions are denied by Wurster; and besides, it does not appear that the notes themselves were exhibited to him. He had given other notes to the same party which he did not dispute, some of which were outstanding at the time of the alleged admissions. In such case, where the particular notes whose execution was in question were not shown to the alleged maker, evidence of admissions claimed to apply to them is not sufficient to even go to the jury. Glazier v. Streamer, 57 Ill. 91, and cases there cited.

It would seem upon principle that where the execution of the note is obtained by fraud and circumvention, under such circumstances as that it would be void in the hands even of a *bona fide* assignee, the ratification which would render it valid and operative could be little less than some act amounting to a re-issuance of it by the maker, or to an estoppel *in pais*, because it was *ab initio* void.

"At the common law there is a distinction between the ratification of acts which are void and the ratification of acts which are voidable. In the former case the ratification is inoperative for any purpose whatever; in the latter full validity is given to the acts." Story on Agency, Sec. 240. "A con-

firmation of a void thing avails nothing." Comyn's Dig. Confirmation, D. 1.    In Brook v. Hook, L. R. 6 Exch. 79, the plaintiff was the payee of a note to which defendant's name as maker had been forged. The defendant, after the making and before the maturity of the note, gave plaintiff a writing in respect to it by which he purported to hold himself responsible on the note; but it appearing that defendant's name had been forged, the court held the ratification inoperative.

We do not mean to be understood as assuming that the obtaining the execution by the party himself of a note by fraud and circumvention would amount to a forgery, but it is a clear case where the note is void *ab initio:* though we can perceive no reason why it is not forgery, if one, assuming without authority to be the agent of another, should maliciously or fraudulently sign the latter's name to a bill or note and utter it as genuine. If so why would it not be forgery if the agent of the payee should fraudulently procure an innocent agent, known not to have any authority, to execute a note in the name of an alleged principal? But even conceding that the notes in question were virtually forgeries, as the evidence in this record stands, yet the doctrine of the common law, as administered in England, has been so far departed from by many American courts, and especially the Supreme Court of this State, as that a person may ratify even a clear forgery of his name. Livings v. Wiler, 32 Ill. 387; Goodspeed v. Cutler, 75 Ill. 534; Paul v. Berry, 78 Ill. 158. For authorities in other States, see cases in note 2, p. 49, Ewell's Evans on Agency.

The notes sued on having been shown to be void, by uncontradicted testimony, the burden rested upon plaintiff, occupying the position of the payee, to prove that Wurster, after full knowledge of all the material circumstances connected with the making of them, deliberately ratified Stiegle's acts. This he failed to do, and the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.