# THE SUPREME LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN ET AL.

## v.

## FLORENTINE ZUHLKE.

*Benevolent Societies—Expulsion—Want of Notice—Suit on Certificate—Denial of Execution—Parties—Misjoinder—Corporations—Estoppel.*

1.  In an action on a beneficiary certificate of a mutual benevolent society, such instrument being declared on as executed by both defendants, one of the defendants can not set up a misjoinder of defendants in the absence of a plea, verified by affidavit, denying such execution.

2.  In an action against corporations, their appearance by names importing corporations is an admission of their corporate character.

3.  In the case presented, the stipulation between the parties as to the pleadings did not obviate the necessity of a denial of the execution of the instrument in question.

4.  The expulsion of a member from such a society, without notice, and in his absence, is void, although notice is not required by the rules of the society.

[Opinion filed January 16, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. JOHN P. AHRENS, for appellants.

Appellants are not jointly liable on the beneficiary certificate sued on in this case.   If there be any liability, it is on the part of the Grand Lodge only, and it was error to enter a finding and judgment against the appellants jointly.

In benevolent associations like the one in question, their by-laws and constitutions enter into and become part of the contract the same as if they were written in the certificate. Holland v. Taylor (Ind.), 12 N. E. Rep. 116; Simeral v. Dubuque, 18 Iowa, 319; Walsh v. Ætna, 30 Iowa, 133.

Here it clearly appeared by the appellee's own evidence that there is no cause of action made out against the Supreme Lodge, or against Wicker Park Lodge, the subordinate lodge,

independently of the evidence offered by the appellants. The only evidence offered by appellee as to the liability of the appellants was the certificate, the death of Zuhlke, and the payment of assessments. Leaving the constitution of the Grand Lodge out of the question, the certificate alone certainly shows that the Grand Lodge alone is the party assuming any liability, and in such case it is not necessary to file a plea, verified by affidavit, denying joint liability. Davison v. Hill, 1 Ill. App. 70.

Neither is such a plea necessary when it appears from the defendant's evidence that there is no joint liability. Garland v. Peeney, 1 Ill. App. 108; Rosenberg v. Barrett, 2 Ill. App. 386.

The ruling of the court below on this point was not consistent. It held in accordance with this view by holding the first proposition of law submitted by appellants, but on the trial, when appellants offered to show the relation existing between the Supreme Lodge, the Grand Lodge and subordinate lodge, the evidence was ruled out, on the ground of not being admissible under the pleadings, and appellants excepted. This ruling certainly was erroneous and inconsistent with the subsequent ruling of the court after the evidence was closed. The evidence admitted, however, clearly showed that there was no joint liability, and the finding of the court to the contrary was contrary to the evidence, and it was contrary to the law and the evidence to find and enter judgment against all of the appellants jointly.

Proceedings, in orders of this kind, had in substantial accordance with their laws, and regular and in good faith, are final, and the merits of the proceedings can not be inquired into. Dolan v. Court Good Samaritan, 128 Mass. 437; Black v. Vandyke, 2 Whart. 308; Toram v. Howard Ass'n, 4 Pa. St. 519; Anacosta Tribe of Red Men v. Murbach, 13 Md. 91; White v. Brownell, 2 Daly N. Y. 329; Commonwealth ex rel., etc., v. The Pike B. Society, 8 W. & S. 247; Karcher v. Knights of Honor, 137 Mass. 368; Hall v. Knights of Honor, 24 Fed. Rep. 450; Grosvenor v. U. S. of Believers, 118 Mass. 78; Benton v. St. George's Soc., 28 Mich. 261.

In the case at bar, Zuhlke was notified of his right to appeal from the action of the lodge, but expressed himself as satisfied with the action of the lodge, and stated that he did not desire to appeal, and not having appealed from the action of the subordinate lodge to the Grand Lodge, which he had the right to do under the law of the order (Abst. 24), the appellee has no standing in court, because members of organizations of this kind must exhaust all remedies afforded by the society to reverse the act of expulsion before resort can be had to the courts. Harrington v. Workmen's Ben. Soc., 27 Albany L. J. 438; White v. Brownell, 2 Daly N. Y. 329; Karcher v. Knights of Honor, 137 Mass. 368; Hall v. Knights of Honor, 24 Fed. Rep. 450.

Messrs. CAMERON & HUGHES, for appellee.

Appellee sued four defendants jointly as corporations. None of them pleaded, under oath, a denial of the execution of the instrument sued on, or *nul tiel* corporation. No one of them pleaded it was not jointly liable with the others, or offered to verify such plea under oath. Revised Statutes 1874, p. 774, Secs. 33, 35.

By virtue of those statutes, and of the common law, as to corporations sued, the plaintiff was not required to prove (1) that defendants were corporations, or (2) they were jointly liable in the suit, or (3) that they executed or authorized the execution of the instrument sued on.

And, in the absence of and utter failure of defendants proof of each one of the negative propositions above stated, he was *prima facie* entitled to judgment. No question was made as to the power of the two signatories to bind the Supreme Lodge or the Order of United Workmen, the aggregation of all the defendants. They each and all appeared by counsel, and filed several special pleas, which, on being demurred to, were withdrawn, by agreement, from the record, but were treated as notice to plaintiff of the defenses to be offered under the plea of *non assumpsit*.

A note or other contract signed for a corporation by parties purporting to act for it is within Sec. 33 of the statute,

and proof of the execution is not required unless denied by a verified plea.   Dwight v. Newell, 15 Ill. 133.

As a general and uniform rule, a judgment is void for all purposes unless the court had jurisdiction of the person of the defendant and of the subject-matter.   White v. Jones, 38 Ill. 159.

This rule is so elementary that we refrain from citing other authorities on that point.   It is the rule which courts of law enforce when considering the adjudications of other courts equal in rank and jurisdiction.   Then, if the vote of Wicker Park Lodge against Zuhlke is shown to have been given in a cause where jurisdiction was lacking, it was void.

Remember, too, that the effect of the sentence of expulsion was as to Zuhlke to forfeit all the payments made by him into the lodge as part of the beneficiary or assurance fund of the order; and as to Mrs. Zuhlke to destroy her then existing right as his beneficiary, to the extent of two thousand dollars.

A party can not be deprived of property or other rights except by judicial decision, after being duly notified and after reasonable time and opportunity to defend.   Parke v. Lewis, 35 Ill. 421; Yates v. Milwaukee, 10 Wall. 491.

GARY, J.   The Ancient Order of United Workmen is a mutual benevolent society, with local lodges, grand lodges for States, and a supreme lodge of the United States, and it is probably true, as appellants urge, that if appellee has any cause of action, it is solely against the Grand Lodge of the State, and there is a misjoinder of defendants.

A complete answer to this objection, however, is that the beneficiary certificate to Edward Zulhke, late husband of appellee, and at his death payable to her, is declared upon as the instrument, in writing, of all the appellants, and there was no denial of the execution of it by either of them, by plea, verified by affidavit.   Sec. 33, Practice Act, 1872; Ill. Mut. Ins. Co. v. Marseilles Mfg. Co., 1 Gilm. 236; P. & O. R. R. v. Neill, 16 Ill. 269; Home Flax Co. v. Beebe, 48 Ill. 138.

These are all cases of corporation defendants, and the appearance of the appellants, by names importing corporations, are admissions by them severally that they are corporations.

U. S. Ex. Co. v. Bedbury, 34 Ill. 459. Unless, therefore, as a legal proposition which the court must hold without evidence of the corporate powers of the appellants respectively, they could not be bound by the instrument as it was declared upon, they were estopped to deny its execution. It would be a violation of the rule established by the statute, and cases cited, to permit the appellants, by evidence of any kind, to deny the execution of its instrument, whether such evidence related either to their act, or their competency to act. This question is not affected by the stipulation in regard to pleadings. After a good deal of pleading (without oath) and demurring, the parties agreed that, under the general issue, all defenses that could be properly specially pleaded should be admitted. It is clear that they only intended that the general issue should be of the same benefit to the appellants as the special pleas which they had so laboriously and unnecessarily wasted time upon. The general issue was sufficient, if they did not propose to deny the execution of the instrument, to let in all their defense. 1 Ch. Pl. 492.

And if they wished so to deny, verifying the plea would have been enough for that purpose. Hinton v. Husbands, 3 Scam. 187; Vance v. Funk, 2 Scam. 263; Davis v. Scarritt, 17 Ill. 202.

The only other defense of the appellants, although by them much subdivided, grows out of the expulsion of Edward Zuhlke from the order. The facts upon the matter are clear. The Wicker Park Lodge, to which he belonged, met weekly. On the 1st of August, 1884, a committee of three preferred, before a committee of five (all members of the lodge), charges against Zuhlke. The committee had several meetings, at which Zuhlke was present. The committee reported to a meeting of the lodge held on the 15th of the same month, at which Zuhlke was not, nor was he notified to be, present. Yet the lodge proceeded, upon reading the report and testimony, by ballot, to expel him. There was no provision in the rules of the order requiring notice to him to appear at the meeting, but the general rules of justice forbid that a party be condemned without opportunity for defense. See cases cited

in notes to Sec. 101, Bacon Friendly Soc. & Life Ins.   Nor did the rules fix the time when the committee should report, so that he could know, without notice, when the report would be presented.   The rule required it to be done "at as early date as practicable."

That he thought he ought to be expelled, and expected it—that he knew of it immediately, and of his right to appeal, and said he was satisfied, may all be true, and still the expulsion, without notice or appearance, is void.

Being void, no appeal was necessary to avoid any effect of it, for it had none.   These views dispose of the case.

*Judgment affirmed.*