## Louisville, N. A. & C. Ry. Co. v. Jennie E. Carson, Executrix, et al.

1. CONTRACTS—*Director of a Corporation, with Himself.*—Although a contract made by an officer for the corporation he represents, with himself, will be strictly scrutinized by the courts, and will be set aside at the suit of the corporation, in the absence of ratification, it is not ab-

solutely void, where, in the making of it, the corporation is represented by other authorized agents.

2. CONTRACTS—*Between Corporations and its Officers.*—There is no necessary impropriety in a contract between a director and the corporation, if the latter is represented by other agents. On the contrary, such contracts are, in many instances, the natural result of circumstances, and are justified by the approved usages of business men.

3. CONTRACTS—*Agent of Corporation Representing it in Making a Contract with Himself.*—An agent may represent a corporation in making a contract with himself personally, provided he act under immediate instructions from some other superior agent, or from the board of directors.

4. LEASE—*By an Officer of a Corporation with Himself.*—The mere fact that a lease was executed by an officer of a corporation, with himself, does not avoid it *ab initio.* If the corporation, acting under different formalities and through other agents, could have made the lease a valid one, there is no reason for treating it as absolutely invalid.

5. RATIFICATION—*Void and Voidable Contracts.*—A contract which is voidable only is the subject of ratification, but a contract which is absolutely void can not be rendered valid by ratification.

6. RATIFICATION—*By Corporations Need Not be in Writing.*—A corporation, like an individual, may be bound by a ratification evidenced by its acts, and such ratification need not be in writing, even though it be of an act done without authority.

7. PLEADING—*Non-Assumpsit Verified.*—Under Sec. 34, Chap. 110, R. S., entitled "Practice," which provides that no person shall be permitted to deny, on trial, the execution of any instrument in writing, whether sealed or not, upon which an action may have been brought, unless the person so denying the same shall, if defendant, verify his plea by affidavit, the mode of pleading is not changed, but the rules of evidence only.

8. PLEADING—*Non Est Factum and Non-Assumpsit at Common Law.*—Notwithstanding the statute requiring pleas to be verified, the plea of *non est factum* and *non-assumpsit* may be pleaded as formerly. Under these pleas the defendant may still insist on any legal defense that he could have done at common law, except denying or disproving the execution of the instrument declared on.

**Memorandum.**—Action for rent. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Declaration for rent, with copy of the lease sued on. Plea, general issue, not verified. Special plea, that at the time of the making of the supposed lease, to wit, the 25th day of April, 1887, the said John B. Carson, one of the plaintiffs herein, was the vice-president and general manager of this defendant, and this defendant avers that said lease in said declaration mentioned, was signed on behalf of this defendant by the said John B. Carson, as vice-president and general manager thereof, as aforesaid, with-

out the knowledge and consent or approval of the board of directors of this defendant, and the signing and execution of which lease on behalf of this lessee, by the said John B. Carson, unto and for the benefit of himself and the other plaintiff herein, was unlawful and void, and against public policy; that after the signing of said lease as aforesaid, this defendant, on, to wit, the first day of May, 1890, vacated and removed from said premises, and delivered up the possession of the same to said plaintiffs, which possession they ever since and do now hold, and this the defendant is ready to verify, etc. Special replication, in which the averment in the plea that John B. Carson, one of the lessors, was the vice-president and general manager of the lessee, and as such official executed said lease on behalf of the lessee, railroad company, is confessed, which confession is followed by matters of avoidance, to wit: that the lease was so executed by Carson as such landlord, for and on behalf of himself, and as such official for and on behalf of his lessee, with the knowledge and consent of the board, and that such execution was not unlawful or void against public policy, and that the same was duly ratified and confirmed by the board; also an averment denying the delivery of possession May 1, 1890, by defendant to its lessors, as alleged in said special plea. Jury waived and trial by the court. Finding in favor of plaintiffs and judgment thereon in the sum of $6,693.74. Defendant appeals. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

## STATEMENT OF THE CASE.

This suit was brought to recover certain rentals alleged to be due from the railway company. The lease was for a term of five years from May 1, 1887, at a total rental of $35,000, to be paid in monthly installments of $583.33. Possession was taken under the lease and rentals paid thereon up to and including the month of April, 1890. John B. Carson, who executed the lease with Andrew J. Cooper, as owners and landlords, is the same John B. Carson who negotiated and executed the lease for and on and behalf of the railway company as its vice-president and general manager, and was at the same time one of its directors. May 1, 1890, the railway company vacated the premises. The rent was paid up to the date of such vacation. Carson was a director of appellant in April, 1887, and at the time he executed the lease. The board of directors of that date consisted of Astor, Kennedy, Sloan, Rolston, Cook, Cummings, Roosevelt, Dowd, Root, Smith, Hitt, Carson and Fetter. Fetter lived

in Louisville, Cummings and Carson in Chicago, and the others in New York. The membership of this board was continued as above given from year to year until 1890, with this single exception: in 1888 King was elected in place of Cummings. In 1887 the executive committee consisted of Astor, Kennedy, Sloan, Rolston, Hitt and Dowd, and the membership of this committee continued without change to March, 1890.

Appellant's Brief, G. W. & J. T. Kretzinger, Attorneys.

Appellant contended that an executive officer of a corporation can negotiate and execute a written contract on behalf of his corporation, as its executive officer, with himself, wherein and whereby he becomes the sole party to negotiate the terms and consummate and execute the contract. In such a case his personal interests on the one side, and his official duty — his duty as agent to his principal and trustee to his *cestui que trust*, would be hopelessly hostile and irreconcilably antagonistic. Therefore the law unequivocally and without a single exception or yielding condition prohibits such personal interest and official duty from negotiating with each other, even were it possible for one individual to make a contract with himself as agent and principal, which is impossible. Citing the following authorities: President, etc., City of San Diego v. Ry. Co., 44 Cal. 160; Dobson v. Racey, 3 Sandf. Ch. 62; Pickett v. School District, 25 Wis. 552; Cumberland Coal Co. v. Sherman, 30 Barb. 553; Port et al. v. Russell, 36 Ind. 64; Whichcote v. Lawrence, 3 Ves. 740; Aberdeen Ry. Co. v. Blakie, 1 Macq. Ap. Cas. 461; Michaud v. Girod, 4 How. (U. S.) 503; Coal & Iron Co. v. Sherman, 30 Barb. 553; Hoffman Steam Coal Co. v. Cumberland Coal & Iron Co. 16 Md. 456; Railway Co. v. Poor, 59 Me. 277; Butts v. Wood, 38 Barb. 188; York & Midland Ry. Co. v. Hudson, 19 Eng. L. & Eq. 365; Scott v. Depeyster, 1 Edw. Ch. 513; Verplanck v. Mercantile Insurance Co., 1 Edw. Ch. 85; Hardner v. Butler, 30 N. J. 702; Davis v. Ry. Co., 55 Cal. 359; Andrews v. Pratt, 44 Cal. 309; Wilber v. Lynde, 49 Cal. 290; Field on Corp., Secs. 174

and 175; Copeland v. Manufacturing Co., 54 N. Y. Sup. Ct. Rep. 235; Thomas, Trustee, v. Ry. Co., 1 McCrary, 392; Wardell v. R. Co., 4 Dillon 33; R. Co. v. Poor, 59 Me. 270.

APPELLEES' BRIEF, PARKER & HIGGINS, ATTORNEYS.

A lease made by a corporation, through an officer thereof on the one part, with himself on the other part, is not absolutely void, it is at most voidable. 1 Morawetz on Corp., 527; Bundy v. Jackson, 24 Fed. Rep. 628; Bank of Columbia v. Patterson, Admr., 7 Cranch, 299; Proprietor Canal Bridge v. Gordon, 18 Mass. 296; 1 Spelling on Corp., Sec. 197; U. S. Rolling Stock Co. v. The Atlantic & Great Western, 34 Ohio St. 450; Bartell v. The N. W. Cement Co., 33 N. W. Rep. 327; Parson v. The Concord R. Corp., 62 N. H. 537; The Town of Searry v. Yarnell, 1 S. W. Rep. 319; 2 Pomeroy Eq. Jur., Sec. 1077; Duncomb v. Ry. Co., 84 N. Y. 190; Barr v. Ry. Co., 125 N. Y. 275; Mallory v. Mallory Wheeler Co., 23 Atl. Rep. 708; Hotel Co. v. Wade, 97 U. S. 14; Jessup v. Ill. Cent. Ry. Co., 43 Fed. Rep. 483; 15 Am. Law Review, 917; Hartz v. Brown, 77 Ill. 226.

That such a lease is valid if the officer be directed by the board of directors (or the president of the board, where the president could make the lease himself), to execute such lease on behalf of the corporation, see 1 Morawetz on Corp., Sec. 527; 1 Beach on Corp., 402; 1 Bartell v. N. W. Cement Co., 37 Minn. 89; 33 N. W. Rep. 327; Knowles v. Duffy, 40 Hun 485; Budd v. Walla Walla Co., 2 Wash. 347; 7 Pac. 896; Santa Cruz Co. v. Spreckles, 65 Cal. 193; Hill v. Nesbet, 100 Md. 341; Pneumatic Gas Co. v. Berry, 113 U. S. 322; Washburn v. Green, 133 U. S. 30; Kelsey v. National Bank of Crawford County, 69 Pa. St. 426; 1 Spelling on Corp., 210; Union Mutual Life Ins. Co. v. White, 106 Ill. 68; Smith v. Smith, 62 Ill. 493; Addison v. Lewis, 75 Va. 701; Stratton v. Allen, 16 N. J. Eq. 229.

President is presumed to have authority to bind the corporation within the powers of the charter. Crowley v. Mining Co., 55 Cal. 273; Union Mutual Life Ins. Co. v. White, 106 Ill. 68.

Same presumption as to vice-president.   Smith v. Smith, 62 Ill. 493.

That the lease made by the corporation through John B. Carson, its vice-president, with himself and Andrew J. Cooper, if voidable in the first instance, was capable of being made valid by the ratification thereof by the corporation, see Dubuque F. College v. Dubuque, 13 Ia. 555; 17 Am. & Eng. Ency. of Law, 162; Beach on Corp., Sec. 195; Oregon Ry. v. Oregon Ry. & Nav. Co., 28 Fed. Rep. 505; Planters' Bank v. Sharp, 4 Smed. & M. (Miss.) 75; Greenleaf v. Norfolk Southern Ry., 91 N. Ca. 33; First Nat. Bank v. Fitch, 75 Mo. 178; Kelsey v. Nat. Bank, 69 Pa. St. 426; Eureka v. Barley Co., 11 Wall. 491; Gold Mining Co. v. Nat. Bank, 96 U. S. 644; Will v. Moyer, 5 Rob. (N. Y.) 259; Esp. C. Soc. v. Esp. Church, 1 Pick. (Mass.) 375; Pac. Rolling Mill Co. v. Dayton Ry., 7 Sawyer, 67; 1 Beach on Corp., Sec. 194; Walworth Co. Bank v. Farmers Loan & T. Co., 16 Wis. 633.

That ratification, where the principal could contract in the first instance, is equivalent to original leasing through a competent board of directors, or other competent authority, see Story on Agency, 239; Connett v. City of Chicago, 114 Ill. 233; Abbot on Trial Ev. 441; Bishop on Contracts, 330; Wood v. Whelan, 93 Ill. 153.

That ratification may be shown by circumstances and acts, see Am. Ins. Co. v. Oakley, 9 Paige Ch. 496; N. Y. & A. Ry. v. Mayor, etc., 1 Hilton 587; 17 Am. & Eng. Ency. of Law 164, note 2; Howe v. Keeler, 27 Conn. 538.

If the benefit of the contract is accepted by the corporation it is bound thereby.   Kirkland v. Merasha Co., 68 Wis. 34; Paxton Cattle Co. v. 1st Nat'l Bank, 21 Neb. 621; Holmes v. Kansas City Board of trade, 81 Mo. 137; Paulding v. London Ry., 8 Exch. 867; Beverly v. Lincoln Gas Co., 6 Adol. and Ellis 829; Tuscaloosa & C. Co. v. Perry, 85 Ala. 158; Mellidge v. Boston Ins. Co., 5 Cush. 158; Smith v. Martin Arc. Fire Car Heater Co., 19 N. Y. Sup. 285; W. Salem Land Co. v. M. T. Co. (Va.), 15 S. E. Rep. 524; McComb v. Barcelona A. Assn., 31 N. E. Rep. 613; Battelle v. N. W. Cement Co. (Minn.), 33 N. W. Rep. 327.

Ratification may be presumed indirectly from acts of recognition, and acquiescence beyond the time during which disaffirmance should have been made. Scott v. Jackson M. E. Church, 50 Mich. 528; Gold Mining Co. v. National Bank, 6 Otto (U. S.) 646; Benedict v. Maynard, 4 McLean (U. S. C.) 569.

Silence and acquiescence in, and acting under the contract, estops the corporation to deny its validity. Zahnski v. Cleveland Co., 23 How. (U. S.) 381; Bissel v. Jeffersonville, 24 How. 287; Co. v. Emigrant Co., 93 U. S. 124; Lincoln v. Davenport, 84 U. S. 801; Isham v. Buckingham, 49 N. Y 217; Bocock v. Pavey, 8 Ohio St. 270; Newbury Co. v. Weare, 27 Ohio St. 343; Cassey v. Galli, 94 U. S. 680; Goodwin v. Evans, 18 Ohio St. 150; Macon & B. Ry. Co. v. Stops, 85 Ga. 1, 1890 Am. Digest 743, Sec. 189; Cunningham v. Massena Spgs. & H. C. Ry. Co., 63 Hun (N. Y.) 439; Sherman E. T. Co. v. Morris (Kan.) 23 Pac. Rep. 569.

That the acts of the corporation in taking possession of the premises, and payment of rent under the lease, and other facts and circumstances proven, show full ratification of the lease, see Story v. Furman, 25 N. Y. 230; Hoyt v. Thompson, 17 N. Y. 207; Alcott v. Tioga Co., 27 N. Y. 546; Jordan v. L. I. Ry. Co., 115 N. Y. 380; 1 Beach on Corp. 355, Sec. 257; Oregon Ry. Co. v. Ore. Ry. & Nav. Co., 28 Fed. Rep. 508; Barr v. N. Y., Lake Erie & W., 125 N. Y. 275; Hossac M. & M. Co. v. Donat, 10 Colo. 529; 16 Pac. Rep. 151. Ratification must be of the whole contract; it can not be repudiated so far as it is onerous, and adopted as far as it is beneficial. Beach on Corp., Vol. 1, p. 402, Sec. 242; Great Luxemburg Ry. Co. v. Magnay, 25 Beavan 536; Cornell v. Clark, 104 N. Y. 451; Saltmarsh v. Spaulding, 147 Mass. 224; 17 N. E. Rep. 316.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

John B. Carson, Van H. Higgins and Henry J. Furber sued the appellant for rent due under a certain lease, dated April 25, 1886, and made by said Carson and one Cooper, to

L., N. A. & C. Ry. Co. v. Carson.

the appellant, for a term of five years from May first, 1887, of certain rooms in the building known as the Adams Express Building, in Chicago, to be occupied by appellant for its general offices.

The lease was signed by the lessors, Cooper and Carson, and by the lessee, the appellant, by its corporate name, " by John B. Carson, Vice-Prest. and Gen'l Mgr."

The interest of Cooper, one of the lessors, was subsequently transferred to the appellees, Higgins and Furber, and the other lessor, Carson, having died, his executors have been substituted in his place on the record.

The said John B. Carson, one of the lessors, was the same person who executed the lease on behalf of the lessee, the appellant, as its vice-president and general manager, and he was also, at the time he executed the lease, a director of the appellant company.

Possession of the demised premises was taken by the appellant at about the date of the lease and retained for a period of three years, and until May 1, 1890, when appellant vacated and moved out, having paid rent up to that date.

The cause was tried by the court without a jury, and judgment rendered in favor of the plaintiffs for the full amount of rent claimed under the terms of the lease.

On appeal to this court it is contended that the lease was absolutely void, and that no recovery under it could be had, because John B. Carson, a director and executive officer of appellant, made it for the appellant with himself, as owner of the premises.

Although such contracts will be strictly scrutinized by the courts, and will be set aside at the suit of the corporation, in the absence of ratification by acquiescence or otherwise, they are not absolutely void, where, in the making of them, the corporation is represented by other authorized agents.

There is in this case no pretense of unfairness, unreasonableness or imposition, and there is evidence that is not disputed, that in the transaction leading up to the making of the lease the appellant was represented by its other agents, its

president and members of its executive committee and board of directors.

Mr. Carson testified that the appellant removed its head-quarters to Chicago in 1884, and leased rooms on the fifth floor of the Adams Express Building for such purposes, and continued to occupy that floor until the spring of 1887, when, needing more room, and after consultation with the president of the appellant company and Mr. Astor, Mr. Hitt and Mr. Ehrhardt, who were directors of the company, he was instructed to finish and partition off the ninth floor, being the premises covered by the lease in question, of the same building, for the uses of the company, said ninth floor being then in an unfinished condition, and that in properly preparing said floor, the owners of the building expended from fifteen to twenty thousand dollars; that after its completion the same gentlemen visited and went over the offices and approved of everything he had done; that as soon as the premises were ready for occupancy the company moved into them and occupied the same for three years or a little over, with full knowledge and approval of every member of the board of directors.

At that time Mr. Dowd, the president, Mr. Astor, Mr. Hitt, and three other directors, comprised the executive committee of the board of directors.

There is no contradiction of the testimony of Mr. Carson, and it finds corroboration in the fact that the rental as paid was charged on the books of the company, and that in the annual reports of the company the location of its offices was named.

It is also further corroborated by the testimony of Elihu Root, one of the directors of the company, during the period named, who testified :

"I do not remember whether the directors took any formal action by way of approving the lease, except that I know it was authorized by the president and well understood by the members of the board;" that he and Mr. Dowd, the president, and quite a number of the directors visited Chicago for the purpose of examining the premises in the latter part of 1886 or early in 1887, and that Mr. Dowd told him of his in-

tention to make the lease, and that he assented to it; that the members of the board approved and consented to the occupancy of the rooms, and to the payment of the rent therefor, as provided by the lease, and that it was a matter of common notoriety that Mr. John B. Carson was one of the owners of the building; that the directors knew as a matter of fact of the lease and of the occupation under it, and that he knew of the intention to make it before it was made, and knew ot the making of it at the time it was made.

The truth of this evidence is in no way disputed or attacked. It would seem, therefore, that the bargain itself, as distinguished from the written lease, was the act not so much of Carson in his capacity as a director and officer, as of other directors and officers of the corporation, and one that was plainly within their power as directors and officers to perform.

And we think that the necessary implication from such acts of the other officers and directors of the appellant corporation is that Carson was authorized to do whatever was necessary and reasonable, to secure to the corporation the premises in question. It is said in Morawetz on Corporations, Sec. 527:

"There is no necessary impropriety in a contract between a director and a corporation, if the latter is represented by other agents. On the contrary, such contracts are, in many instances, the natural result of circumstances, and are justified by the approved usages of business men."

And it is further said in the same connection:

"An agent may even represent the corporation in making a contract with himself personally, provided he act under immediate instructions from some other superior agent, or from the board of directors."

We think the evidence is as plain as it can reasonably be expected to be in the absence of an express recorded vote of the board of directors, which was not necessary, that Carson had the authority of the board of directors, and the president of the corporation, to lease the rooms in question from himself.

The mere status, alone, of Carson, as owner of the demised premises on the one hand, and as director and officer of the corporation on the other hand, did not forbid him from contracting with himself, with the knowledge and authority of the other officers and directors of the corporation.

Such a lease as was made was one that the corporation could enter into with perfect propriety. These, or some other offices, were necessary to the corporation for the transaction of its business.

The mere fact that it was executed by an officer with himself did not avoid it *ab initio.* If the corporation, acting under different formalities and through other agents, could have made the lease a valid one, we see no reason for treating it, as made, as absolutely invalid. Bar v. R. R. Co., 125 N. Y. 263.

At the most, we regard the lease as but voidable, and not as void. 2 Pomeroy's Eq. Juris., Sec. 1077.

And being voidable only, it was subject to ratification.

Although " a confirmation of a void thing avails nothing " (Comyn's Dig. D. 1), and " so if a lease be absolutely void, acceptance of rent afterward does not amount to a confirmation " (Ibid. A.), yet, in "every case where a lease is only voidable" (Ibid. A.), " by a confirmation, express, or in fact, a voidable estate shall be confirmed." (Ibid. A.) Wurster v. Reitzinger, 5 Ill. App. 112.

The written lease in question was in the possession of the proper officers of the appellant during the entire three years that it occupied the premises; the stipulated rent was paid, monthly, under it, and such payments entered on the books of appellant; the lease was known and authorized by the president and all the directors, and all the business offices of the corporation in Chicago, were located in the leased premises for full three years, and nothing was said or done to avoid or repudiate it.

Such circumstances of positive acts and acquiescence, make the presumption of ratification very strong, and are ample evidence of ratification in fact.

A corporation, like an individual, may be bound by a rati-

fication evidenced by its acts, and such ratification need not be in writing, even though it be of an act done without authority. Oregon Ry. Co. v. Oregon R. & N. Co., 28 Fed. Rep. 505; Am. Ins. Co. v. Oakley, 9 Paige's Ch. 496; Wood v. Whelen, 93 Ill. 153; Howe v. Keeler, 27 Conn. 538; Keeley v. R. R. Co., 141 Mass. 496.

Our conclusion, therefore, is, that the judgment of the Circuit Court should be affirmed. There may be an additional reason for precluding the appellant from urging that the lease was a void one, and, therefore, not its contract. The plea of *non assumpsit*, which was the only plea filed, was not verified. It is said in Stevenson v. Farnsworth, 2 Gil. 715 : "If his plea is not verified by affidavit, he is precluded on the trial from controverting the execution of the instrument. The pleas of *non est factum* and *non assumpsit*, may, however, be pleaded as formerly. The statute does not change the mode of pleading, but the rule of evidence only. Under these pleas the defendant may still insist on any legal defense that he could have done at common law, except merely denying or disproving the execution of the instrument declared on."

The actual signing of the lease in the name of the appellant, by Mr. Carson, as vice-president and general manager, is conceded.

If, therefore, the appellant wished to deny the authority of Carson, or in other words, wished to deny that the instrument so executed was the act or instrument of. the appellant, it is not easy to see why its plea should not have been verified as required by the statute.

Section 34, Chap. 110, entitled Practice (Hurd's Rev. Stat. 1891), provides that no person shall be permitted to deny, on trial, the execution of any instrument in writing, whether sealed or not, upon which an action may have been brought, unless the person so denying the same shall, if defendant, verify his plea by affidavit.

The allegation of the declaration is that the plaintiffs demised to the defendant certain premises, "and by the same instrument the said defendant agreed and covenanted

to yield and pay therefor  *  *  *  as rent for said prem-
ises," etc.

If appellant had not so agreed, or, in other words, if the
act of Carson in executing the lease in the name of the
appellant was not the execution of the lease by appellant,
should it not have denied the execution by a verified plea?
R. R. Co. v. Neill, 16 Ill. 269; Home Flax Co. v. Beebe, 48
Ill. 138; United Workmen v. Zuhlke, 129 Ill. 298; Supreme
Lodge v. Zuhlke, 30 Ill. App. 98; Wurster v. Reitzinger, 5
Ill. App. 112; Delahay v. Clement, 2 Scam. 575; Dwight v.
Newell, 15 Ill. 333; Gaddy v. McCleave, 59 Ill. 182.

But this question not having been raised or argued in the
cause as presented to us, we need not decide it, the other
reasons given being sufficient to require an affirmance of the
judgment.   Affirmed.


MR. JUSTICE GARY.

The plea of *non assumpsit* not being verified, I think no
defense which, expressly or by implication, denied that the
instrument sued on was executed by the railway company,
was admissible.   Supreme Lodge v. Zuhlke, 30 Ill. App. 98.
And therefore all discussion of other matter is irrelevant.


MR. JUSTICE WATERMAN.

A director of a corporation may, where other agents act
for the company, make a contract with it; but a director
can not at the same time act for the corporation and for
himself; it is essential to the making of a contract that there
be a meeting of minds. .

When a contract is reduced to writing it expresses the
agreement of the parties; if such agreement appear on the
face of the instrument to be between a corporation and an
officer thereof, and the execution is by such officer on the
one part and the corporation acting only through and by
the same officer, as the party of the second part, such writ-
ing, as an agreement, or memorandum evidence of a contract,
is a nullity; at the most it can be considered but a proposi-
tion made by the officer to the corporation; and where the
contract is of such a nature that it must be in writing, as a

conveyance of lands, the writing above described can not, by a mere parol ratification by the company, acting through directors or agents, be made a binding and effectual instrument, because such writing is not the act or deed of the company. An officer of a company can not, acting for and in its name, convey its lands to himself; a deed upon its face appearing to be so made is void; it is not the writing or deed of the company. Clafflin v. Farmers & Citizens Bank, 25 N. Y. 293; Mechem on Agency, Sec. 68; Neuendorf v. World Mut. Life Ins. Co., 69 N. Y. 389.