ELIZABETH MANN

*v.*

DENNIS FOREIN, Jr., Exr.

*Filed at Springfield May 11, 1897.*

1. WITNESSES—*husband not competent in wife's behalf when adverse party defends as executor.* A husband is not a competent witness in behalf of his wife where the adverse party sues or defends as the executor of a deceased person.

2. EVIDENCE—*what not sufficient to prove execution of a note.* In an action by a daughter on a note alleged to have been made by her deceased father, the execution of which is denied by his executor by verified plea, proof of an admission by the father that plaintiff held his note for the amount specified will not entitle the note to admission in evidence, in the absence of further identification.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. FERDINAND BOOK-WALTER, Judge, presiding.

SALMANS & DRAPER, for appellant.

KIMBROUGH & MEEKS, and CALHOUN & STEELY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit brought by Elizabeth Mann, against Dennis Forein, Jr., executor of the estate of Dennis Forein, deceased, upon a promissory note alleged to have been executed to her by her father. The note was as follows:

"FAIRMOUNT, ILL., *April 6, 1882.*

"I promise to pay to my daughter, Elizabeth Mann, five thousand dollars at my death, for value received.

his
DENNIS X -FOREIN."
mark.

To the declaration the defendant pleaded, first, the general issue; second, a plea denying the execution by the deceased of the note sued on, verified by affidavit of

defendant; third, a plea of no consideration "other than natural love and affection." Issue having been made up on the pleas, a trial was had before a jury, resulting in a verdict and judgment in favor of the defendant. On appeal the judgment was affirmed in the Appellate Court.

On the trial the plaintiff called as a witness her husband, William Mann, and offered to prove by him that the note was executed by Dennis Forein, deceased, in his presence. The defendant interposed an objection that William Mann, the husband of the plaintiff, was not a competent witness. The objection was sustained and plaintiff excepted to the ruling of the court, and insists in the argument that the ruling of the court was erroneous. It will be observed that the defendant interposed a defense to the note upon which the action was brought, as an executor of a deceased person, and we have held in a number of cases that under the statute a husband or wife cannot testify for or against each other where the adverse party sues or defends as the executor or administrator of a deceased person. *Crane* v. *Crane*, 81 Ill. 165; *Treleaven* v. *Dixon*, 119 id. 548; *Warrick* v. *Hull*, 102 id. 280; *Stodder* v. *Hoffman*, 158 id. 486.

As further proof of the execution of the note, plaintiff called as a witness one George Mitchell, who testified, in substance, that he lives south-east of Fairmount; was acquainted with Dennis Forein in his lifetime; lived one-quarter mile from him; saw him frequently; heard him speak about a note that Mrs. Mann held against him; heard him say in 1892, in my father's yard, that "she had a note—she now held a note against him for $5000." No further evidence having been offered to prove the execution of the note, the court ruled that it was not admissible in evidence, and directed the jury to find for the defendant, and this ruling of the court is relied upon as error. The admission proven, that plaintiff held a note for $5000 against her father, without proving the date when due or any other fact in regard to the note, was not

sufficient, in our opinion, to establish the execution of the note in question. The identity of the note to which the admission of the deceased related was not proven. Evidence that Mrs. Mann held a note against deceased for $5000 was not sufficient to establish the execution of the note offered in evidence. The ruling of the court was fully sustained by *Shaver* v. *Ehle*, 16 Johns. 201, *Palmer* v. *Manning*, 4 Denio, 132, and *Glazier* v. *Streamer*, 57 Ill. 91.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*