CHARLES W. ZIMMERMAN, Appellant, *v.* HEZEKIAH M. WEAD, for the use, etc., Appellee.

APPEAL FROM PEORIA.

A declaration upon an assigned note is sufficient, which avers the making of the note, the payee, the assignment and the non-payment; although the averments are not, in all respects, such as ancient strictness in pleading would require.

The averment that the note is held by the assignee, for the use of another, is not necessary. That is a fact with which the defendant has nothing to do.

That a declaration is signed in the partnership name of attorneys is not cause of error.

THIS was an action of assumpsit. The declaration is as follows:

Hezekiah M. Wead, who sues for the use of the Illinois Central railroad company, plaintiff, complains of Charles W. Zimmerman, who was summoned, etc., defendant, in a plea of the case on promises, for that the said defendant heretofore, to wit, on the 7th day of November, A. D. 1855, at and within the county and state aforesaid, made his certain note, in writing, of that date thereby, by the name of C. W. Zimmerman, promising to pay to the order of William Kellogg (by the name of William Kellogg), at the office of N. B. Curtiss & Co., in the city of Peoria, Illinois, the sum of seven hundred dollars, eight months after the date thereof, for value received. And the said Kellogg, by his signature, in writing, on the back of said note, afterward, on the same day (signed William Kellogg) ordered and assigned said note to be paid to the plaintiff, of which defendant had notice. Yet the said defendant, his promises aforesaid not regarding, hath not paid said note, nor the sum of money therein specified, either at office of the said N. B. Curtiss & Co., in the city of Peoria, aforesaid, nor to the said plaintiff, although the time specified in said note for the payment thereof hath long since elapsed; but to pay the same or any part thereof hath hitherto refused, and still doth refuse,

to the damage of the said plaintiff of one thousand dollars, whereof he brings suit, etc.

(Signed.)     WEAD & WILLIAMSON,
*Attorneys for Plaintiff.*

The following is a copy of the note on which suit is brought:

$700.                          PEORIA, November 7, 1855.

Eight months after date I promise to pay to the order of William Kellogg, at the office of N. B. Curtiss & Co., in the city of Peoria, Illinois, seven hundred dollars. Value received.                C. W. ZIMMERMAN.

Indorsement on said note as follows:

" Pay the within note to Hezekiah M. Wead.        WM. KELLOGG."

At November term, 1857, of the Peoria Circuit Court, POWELL, Judge, presiding, there was a demurrer to the declaration, which was overruled; and no other plea having been interposed, the damages were assessed by the clerk and judgment followed.

CHARLES C. BONNEY, for Appellant.

E. W. HAZARD and WEAD and WILLIAMSON, for Appellee.

CATON, J.  This was an action of assumpsit, brought by Wead, as assignee of a promissory note, made by defendant to Kellogg, and by him indorsed to the plaintiff.  The declaration sets forth that the defendant made his promissory note, promising to pay Kellogg or order, etc., and that Kellogg assigned the note to the plaintiff, and avers the non-payment, etc.   The declaration alleges that the action is brought for the use of the Illinois Central railroad company.  We think the declaration is sufficient.  According to the ancient strictness in pleading, it may be that the averments are insufficient, but the more enlightened course adopted by modern courts, which looks to the substance of the pleading, for the purpose of seeing that the defendant is duly apprised of the complaint against him, that he may not be taken by surprise upon the trial, conduces more to the substantial ends of justice than those technical rules upon which ancient jurists seemed to pride themselves.  We think the averments sufficient.  That part of the declaration which declares the use to the Illinois Central railroad company is not for the benefit of the defendant, nor has he anything to do with it, nor is he in any way interested in the declaration of use.  That is allowed solely for the benefit of the *cestui que use*, and, as between the parties to the action, it need not have been inserted.  The objection

20

that the declaration is signed by "Wead and Williamson," attorneys for the plaintiff, omitting their proper names, is not tenable. The judgment must be affirmed.

*Judgment affirmed.*