# Firemen's Insurance Company, v. Augusta Barnsch, for the use of Charles Saunders, for the use of Henry Schrage.

1. Practice—*Suit for the Use of Others.*—When a suit shows upon the record that it is brought for the use of others, but nothing appears in the pleadings or evidence to show that they have any interest in the subject-matter of the suit, their names may be treated as surplusage.

2. Practice—*Denial of Instrument—Unverified Plea.*—The execution and delivery of an insurance policy as a complete instrument can not be denied under an unverified plea.

Assumpsit, on a policy of insurance; appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

Wm. J. Ammen, attorney for appellant.

Arnd, Evans & Arnd, attorneys for appellee, contended that "no person shall be permitted to deny, on trial, the execution or assignment of any instrument in writing upon which any action may be brought unless the person so denying the same shall, if defendant, verify his plea by affidavit." Starr & Cur. Stat. Ill., Chap. 110, Sec. 34.

The issuance of a policy of insurance is *prima facie* evidence of an insurable interest in the assured. Wood, Fire Insurance, (2d Ed.) 652, Sec. 285; Nichols et al. v. Fayette Ins. Co., 1 Allen (Mass.) 63; Illinois Fire Ins. Co. v. Stanton, 57 Ill. 355.

A policy of insurance assigned with the assent of the insurer, becomes a new contract of insurance with the assignee. Wood, Fire Insurance, (Ed. 1878,) 579, Sec. 342.

The effect of a consent to a transfer of a policy of insurance by a company is nothing more than to place the assignee in the same position, with respect to all rights and liabilities under it, that the insured occupied before the transfer. City Fire Ins. Co. v. Mark, 45 Ill. 482; Insurance Co. of North America v. Garland, 108 Ill. 220.

FREDERICK ARND, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued to recover upon a policy of insurance issued to her by the appellant. The policy states that it is on "her" buildings described. The suit is, on the record, for the use of others, but as no facts in pleading or evidence show that they ever had any interest in the property, all mention of them is merely surplusage. Zimmerman v. Wead, 18 Ill. 304; Boone v. Stone, 3 Gilm. 537.

The appellant, with the general issue, filed an affidavit of merits by the secretary, and six pages in this record of notice of defenses, amounting to thirty-eight in number, by the attorney, who now makes the incredible statement that this notice is a general form for use in all suits brought on insurance policies.

There is nothing in the record to indicate that the loss sued for is not an honest loss.

The policy calls the insured buildings hers, and the value is proved to be more than the policy.

The execution and delivery of the policy as a complete instrument going into effect, can not be denied under an unverified plea. Home Flax Co. v. Beebe, 48 Ill. 138; Hunt v. Weir, 29 Ill. 83.

Whether the appellee spelled her last name with an a or double o in her transactions with a supposed usee is no part of this case.

The judgment is affirmed.