THE FIREMEN'S INSURANCE COMPANY

*v.*

AUGUSTA BARNSCH, for use, etc.

*Filed at Ottawa May 12, 1896.*

1. EVIDENCE —*proof of execution of insurance policy—when verified plea is necessary.* An insurance policy providing that it shall not be valid unless countersigned by a certain agent, is admissible without proof *aliunde* that it was countersigned by such agent, where it purports on its face to have been so countersigned, and no plea, verified by affidavit, is filed denying its execution.

2. SAME—*assignments of insurance policy—admissibility in evidence.* Assignments of a policy, and consent thereto by the agent of the company, are admissible without proof of execution, in a suit by the person originally assured, for the use of the assignees, as it does not concern the company that the suit is so brought.

3. SAME—*when variance in name is immaterial.* A variance between the name of an assured as alleged in the declaration upon the policy and stated in the policy itself, and as signed to an assignment of the policy to the use of another, is immaterial, in an action by the assured, for the use of such assignee, upon the policy.

*Firemen's Ins. Co.* v. *Barnsch,* 59 Ill. App. 78, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

WILLIAM J. AMMEN, and U. P. SMITH, for appellant.

ARND, EVANS & ARND, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of assumpsit brought against the Firemen's Insurance Company on a policy of insurance issued by the defendant company to Augusta Barnsch, insuring her against loss or damage by fire for one year, for the aggregate amount of $1600, to-wit, $1500 on her two-story frame building at Whiting, Indiana, and $100 on her frame barn situate in the rear of said premises. The buildings were destroyed by fire November 5, 1893. The suit is brought in the name of Augusta Barnsch for the use of Charles Saunders, for the use of Henry Schrage. The declaration alleges that the policy was issued to Augusta Barnsch, and that she assigned it to Charles Saunders, and that the company consented to such assignment, and that Saunders assigned the policy to Henry Schrage, the company consenting thereto. The case was tried before the court and a jury, resulting in a verdict and judgment against the company for $1665, and this judgment having been affirmed by the Appellate Court on appeal, the company prosecutes its further appeal to this court.

No meritorious objection is made, but various technical reasons are assigned as grounds upon which it is claimed the judgment should be reversed.

The policy provided that it should not be valid unless countersigned by the authorized agent of the company at Hegewich, Illinois. It did, however, purport on its face to have been so countersigned, but appellant contends that it was error to admit the policy in evidence without proof *aliunde* that it was countersigned by the agent of the company at Hegewich. We agree with appellee that such proof was unnecessary, because no plea, verified by affidavit, was filed denying the execution of

the policy. In *Home Flax Co.* v. *Beebe*, 48 Ill. 138, this court said (p. 140): "The agreement purports to have been made by defendant in error with the Home Flax Company, by T. Gray, their agent, and the company are sued upon it. If it was not their agreement they should have attached to their plea an affidavit denying its execution. This was not done, and they must be taken as one of the contracting parties." (2 Starr & Curtis' Stat. sec. 33, chap. 110, p. 1798; *Hunt* v. *Weir*, 29 Ill. 83; *Richelieu Hotel Co.* v. *Military Encampment Co.* 140 id. 248; *Dwight* v. *Newell*, 15 id. 333.) By its terms the policy in this case was not an instrument completely executed until countersigned by its agent, and as it purported to be so countersigned, no further proof under the issues was necessary. *Illinois Mutual Ins. Co.* v. *Marseilles Manf. Co.* 1 Gilm. 236; *Bailey* v. *Bank*, 127 Ill. 332.

It is next claimed that the court erred in admitting the assignments, and the purported consent thereto by appellant's agent, without proof of execution. We agree with the conclusion reached by the Appellate Court that it does not concern appellant that the suit was brought in the name of the assured for the use of others. Appellant was in no way injured by this proof. (*Boone* v. *Stone*, 3 Gilm. 537 ; *Zimmerman* v. *Wead*, 18 Ill. 304; *Atkins* v. *Moore*, 82 id. 240; *Hobson* v. *McCambridge*, 130 id. 367; *Schott* v. *Youree*, 142 id. 233 ; *Tedrick* v. *Wells*, 152 id. 214.) The policy admits that the property belonged to the plaintiff, and no further proof was in the first instance necessary.

Some question is raised as to the supposed variance between the name of the assured, "Augusta Barnsch" as alleged in the declaration and stated in the policy, and "Augusta Boornch" written as her signature to the assignment to the usee. But we regard it as wholly immaterial.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*