(80 South. 456)

ROYAL EXCHANGE ASSURANCE OF LONDON v. ALMON. (8 Div. 43.)

(Supreme Court of Alabama. Nov. 21, 1918. Rehearing Denied Dec. 21, 1918.)

1. INSURANCE ⊂⊃629(1) — ACTION ON FIRE POLICY—SUFFICIENCY OF COMPLAINT.

In view of Code 1907, § 5322, complaint on fire policy following form 13 shown on page 1196 of the Code, for a complaint on a policy of fire insurance, except that it omitted the words "and other perils in the policy of insurance mentioned," was sufficient, notwithstanding omission.

2. INSURANCE ⊂⊃375(2)—FIRE INSURANCE—NONCOMPLIANCE WITH STIPULATION—WAIVER BY AGENT.

Where stipulation of fire policy provided policy should be void if insured's interest was other than unconditional and sole ownership, waiver of insured's breach by general agent of insurer, to whom insured made complete disclosure of his interest in the property insured, was binding on the insurer.

3. INSURANCE ⊂⊃378(3) — STATEMENTS TO GENERAL AGENT.

Statements made by plaintiff to general agent pending negotiation, and tending to prove contract between such agent as an agent and plaintiff, were admissible to bind insurer.

4. EVIDENCE ⊂⊃179(2) — SECONDARY EVIDENCE—CONTENTS OF INSURANCE POLICY.

In an action on fire policy where notice to produce had been served upon defendants, and policy was probably in hands of defendant's attorneys, evidence as to property covered by policy, and as to amount of policy, was admissible.

5. APPEAL AND ERROR ⊂⊃1051(1)—REVIEW—HARMLESS ERROR.

Admission of parol evidence of contents of insurance policy was harmless, where policy was subsequently introduced in evidence.

6. INSURANCE ⊂⊃646(1) — ACTION ON FIRE POLICY—BURDEN OF PROOF—EXECUTION AND DELIVERY OF POLICY.

In action on fire policy where defendant pleaded non est factum, the burden of proving the execution and delivery of policy was upon plaintiff.

7. INSURANCE ⊂⊃133(3)—VALIDITY OF POLICY—COUNTERSIGNING OF POLICY.

Where policy provides that policy shall not be valid unless countersigned by duly authorized agent, the countersigning is a necessary part of the execution of the policy and essential to its validity.

8. INSURANCE ⊂⊃133(3)—VALIDITY OF POLICY—"COUNTERSIGN."

Where there was stipulation that policy should not be valid unless countersigned by duly authorized agent of insurer, the inserting in policy of pasters reading "attached to and forming a part of policy No. ———," and signed by agent, did not "countersign" the policy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Countersign.]

9. INSURANCE ⊂⊃141(1)—COUNTERSIGNING OF POLICY—WAIVER.

Compliance with stipulation of policy requiring agent's countersignature may be waived.

10. INSURANCE ⊂⊃141(1) — COUNTERSIGNING OF POLICY—WAIVER.

If insurer receives premium and delivers policy without agent's countersignature, it waives compliance with stipulation requiring such signature.

11. INSURANCE ⊂⊃141(1) — COUNTERSIGNING OF POLICY—WAIVER.

If insurer's agent delivers policy without agent's countersignature, and insurer, with knowledge that policy was not countersigned, treats policy as a subsisting contract, the stipulation of policy requiring agent's countersignature is waived.

12. INSURANCE ⊂⊃141(1)—AGENT'S COUNTERSIGNATURE—WAIVER.

Stipulation in policy requiring agent's countersignature as a prerequisite to its validity

─────────────

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] 199 Ala. 231.

could not, by the act of delivery, be waived by the agent to whom the power had been intrusted with this condition.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by John Almon against the Royal Exchange Assurance of London. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Wert & Lynne, of Decatur, for appellant.
Callahan & Harris, of Decatur, for appellee.

SAYRE, J. [1] The fourth count of the complaint followed the form (13) shown on page 1196 of the Code for a complaint on a policy of fire insurance, except that it omitted the following words contained in the form: "And other perils in the policy of insurance mentioned." Plaintiff sued to recover a loss caused by fire alone. The words omitted were useless to his complaint, which, in our judgment, fell within the influence of section 5322 of the Code, providing that "any pleading which conforms substantially to the schedule of forms in this Code is sufficient." Herring v. Skaggs, 73 Ala. 446; Commercial Fire Ins. Co. v. Capital Ins. Co., 81 Ala. 320, 8 South. 222, 60 Am. Rep. 162.

[2] Plaintiff's (appellee's) policy stipulated that—

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership."

And defendant pleaded a breach of this stipulation. Plaintiff's replication numbered 2 replied by alleging that prior to the policy he had made to the agent representing defendant in negotiating the contract a complete disclosure of his interest in and relation to the property insured. Defendant cites cases from other jurisdictions which would condemn this replication, but it is settled in this state, and "it has been very generally held, that knowledge by, or notice to, the agent, of the inaccuracy of a statement in the application upon which a policy is issued after such notice or knowledge, binds the company, and prevents them from availing themselves of the inaccuracy in defense." Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46. The demurrer to the replication was properly overruled.

[3] There was evidence to prove Wyatt's general agency for defendant "in New Decatur and vicinity." Sun Ins. Office v. Mitchell, 186 Ala. 420, 65 South. 143. If plaintiff's property was within the territorial area of Wyatt's agency—and that, as we shall see, was a question for the jury—statements made by him pending negotiation and tending to prove a contract between Wyatt, as agent, and plaintiff, were admissible to bind defendant.

[4, 5] The rulings made the subject of assignments 43 and 44 do not show reversible error. The bill of exceptions is not clear, but it appears that the policy of insurance in suit at the time of these questions was probably in the hands of attorneys for the defendant. Notice to produce had been served. If this be a correct version of the facts, there was no error in permitting the witness to state what property was described in the policy. And, in any case, the policy was afterwards produced and put in evidence, thus making it plain that defendant had suffered no harm by the rulings in question. This applies also to the ruling on the question as to the amount of insurance stipulated in the policy.

[6] It is urged that for various reasons no contract of insurance was consummated between the parties. The plea of non est factum put upon plaintiff the burden of proving the execution and delivery of the policy.

It is said that the property described in the alleged policy was without the territorial limits of the agency confided by defendant to Wyatt, with whom plaintiff claims to have negotiated his contract. Under the evidence, which we need not detail, this, it seems, was a question of fact for the jury. Insurance Co. v. Thornton, 130 Ala. 222, 30 South. 614, 55 L. R. A. 547, 89 Am. St. Rep. 30; Sun Insurance Office v. Mitchell, 186 Ala. 420, 65 South. 143.

[7] It is further contended that the policy in suit was void for lack of compliance with a stipulation thereof to the effect that it should not be valid unless countersigned by the duly authorized agent of the defendant at New Decatur. Our opinion is that this objection to the policy offered in evidence was fatal, there being no evidence tending to show a waiver by the defendant as distinguished from its agent at New Decatur. There may be a case or two to the contrary, but it is quite generally held that a stipulation that a policy must be countersigned by the agent, in order to become a binding obligation, is one which the insurer has a legal right to make, and is not in any sense oppressive or unconscionable. The countersigning is regarded as a necessary part of the execution of the policy, and is therefore essential to its validity. Firemen's Ins. Co. v. Barnsch, 161 Ill. 629, 44 N. E. 285; Badger v. American Popular Ins. Co., 103 Mass. 244, 4 Am. Rep. 547; Lynn v. Burgoyne, 13 B. Mon. (Ky.) 400; Peoria Ins. Co. v. Walser, 22 Ind. 73; Prall v. Mutual Protection Society, 5 Daly (N. Y.) 298; Newcomb v. Provident Fund Society, 5 Colo. App. 140, 38 Pac. 61; 1 Cooley's Briefs, 439; 1 May on Ins. § 65.

[8] Plaintiff, appellee, contends that the policy was countersigned. At the foot of the

body of the policy, under the signature "R. D. Harvey, United States Manager" (in print), these words occur: "Countersigned at New Decatur, Alabama, this 1st day of December, 1915, ——•——, Agent." That the policy was not countersigned at the place designated for that purpose is clear. But at two places in the body of the policy provisions were inserted on pasters, and on each of ·these appeared in typewriting the words: "Attached to and forming a part of Policy No. 4745208 of the Exchange Underwriters Agency of New York, N. Y. L. B. Wyatt & Son, Agent." The witness R. A. Wyatt testified: .

"That is the same form that was pasted on this policy that morning. There was never any form pasted on there in which L. B. Wyatt & Son signed it by ink. When we get an application for insurance, we sign triplicate forms, and forward one along with the application to the insurance company. We make three copies. And when we deliver the policy and write the insurance, we sign with pen and ink our name in the blank place before the word agent at the foot of the policy under the name R. D. Harvey, United States Manager. On this policy in question that was never done."

To "countersign" is to sign in addition to the signature of another in order to attest the authenticity of the other. Webster. Upon the evidence, which we have stated, we think it cannot be said that the policy in question was countersigned within the meaning of the stipulation on that subject.

[9-12] It is further contended that defendant waived the absence of their agent's countersignature. The condition or stipulation for a countersignature may be waived. If, to illustrate, it had been shown that the premium had been received and the policy delivered by the defendant without the countersignature, or if the jury had found that defendant's agent at New Decatur had made delivery to plaintiff, and that afterwards defendant, with knowledge of the facts, had treated the policy as a subsisting contract, the condition would be regarded as waived. But this condition, this stipulation, going to the genesis of the policy, to the agent's power to execute, and to deliver as a necessary part of execution, could not by the act of delivery be waived by the agent to whom the power had been intrusted with this condition. An analogy of rather close application may be seen in the decision of this court in Insurance Co. v. Thornton, supra, where it was held that an insurer is not bound by his agent's acceptance of risks outside of his restricted territory. There was no evidence of anything else that could be construed as a waiver by the defendant after the fact. .

Appellee further suggests that, if the policy were void, the jury may have found a verbal contract of insurance, and that such a finding would support a judgment on a complaint in Code form. It is deemed enough to say on this point that the evidence pointed to no other contract than that alleged to be shown by the instrument in evidence. Any action for a breach of promise to insure must be brought against the agent of defendant.

The meaning of a manual delivery and the question whether there has been a delivery in legal effect frequently depend upon intention, and, aside from the matter of the countersignature to which we have referred, these questions under the evidence would have been proper for submission to the jury. Phoenix Assurance Co. v. McAuthor, 116 Ala. 659, 22 South. 903, 67 Am. St. Rep. 154.

Other questions need not be discussed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.