### YORKSHIRE INS. CO. v. BUNCH–MORROW MOTOR CO. (6 Div. 365.)

(Supreme Court of Alabama. April 9, 1925.)

**1. Pleading ⏝63—Complaint in Code form sufficient.**

A count in complaint in action on an automobile collision policy, which followed the Code form analogous thereto (Code 1923, p. 503), is sufficient.

**2. Insurance ⏝665(8)—Evidence held to warrant finding that insurer waived written proof of loss.**

Evidence *held* sufficient to warrant finding that insurer waived requirement in policy as to written proof of loss.

**3. Stipulations ⏝14(3)—Special plea of waiver not required where pleadings in short by consent of parties.**

Where, in action on policy, parties pleaded in short by consent, with leave to give in evidence any matter which if well pleaded would be admissible in defense or in reply to such defensive matter, a special plea of waiver was not required.

**4. Appeal and error ⏝837(11)—Hearsay evidence, admitted without objection, considered.**

Hearsay evidence, which is admitted without objection, will be considered, as parties may try their causes on illegal proof if they so desire.

**5. Insurance ⏝424—Evidence of collision with stump in making detour held to show "accidental collision," warranting denial of defendant's affirmative charge.**

In action on automobile collision policy, evidence that driver of car collided with stump in making detour from regular roadway *held* sufficient proof tending to show an "accidental collision" within meaning of policy, warranting court in refusing defendant's affirmative charge.

**6. Insurance ⏝661—Testimony as to condition of automobile after alleged accidental collision properly admitted.**

In action on automobile collision policy, testimony as to condition in which automobile was found after alleged accidental collision was properly admitted.

**7. Evidence ⏝471(30)—Witness knowing of agency of another may testify thereto.**

Where witness knew that another was defendant's agent or representative, he could testify thereto without violating any rule of evidence.

**8. Evidence ⏝529—Testimony of expert automobile repairer that injury to crank case resulted from outside interference, properly admitted.**

In action on automobile collision policy, based on alleged accidental collision, in that automobile ran into a stump, testimony of an expert on automobile repairing, who repaired automobile in question, that in his opinion damage to crank case was from outside interference rather than from something breaking loose from inside, was properly admitted.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action on a policy of automobile insurance originally instituted by Fred Keith, for the use and benefit of himself and the Bunch-Morrow Motor Company, amended by eliminating Keith, against the Yorkshire Insurance Company, Limited. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 7326, Code of 1923. Affirmed.

B. F. Smith, of Birmingham, for appellant.

If plaintiff failed to furnish proof of loss, he was not entitled to recover. Cont. Ins. Co. v. Parkes, 142 Ala. 650, 39 So. 204; Cent. City Ins. Co. v. Oates, 86 Ala. 558, 6 So. 83, 11 Am. St. Rep. 67; Fire Ins. Cas. Co. v. Felrath, 77 Ala. 194, 54 Am. Rep. 58; 52 L. R. A. 425. Defendant was due the affirmative charge. Amer. C. I. P. Co. v. Landrum, 183 Ala. 132, 62 So. 757; Cont. Cas. Co. v. Paul, 209 Ala. 166, 95 So. 814, 30 A. L. R. 802. Testimony of the witness Pincus was erroneously admitted. Ætna Exp. Co. v. Schaeffer, 209 Ala. 77, 95 So. 351; Cont. Co. v. Paul, supra; Amer. C. I. P. Co. v. Landrum, supra; Ætna C. & S. Co. v. Cartmel, 87 Fla. 495, 100 So. 802; Capital Sec. Co. v. Owen, 196 Ala. 385, 72 So. 8; Smiley v. Hooper, 147 Ala. 646, 41 So. 660; Alexander v. Ala. West., 179 Ala. 480, 60 So. 295; Gibson v. Snow Hdw. Co., 94 Ala. 346, 10 So. 304.

Leader & Ullman and Clarence S. Wurtzburger, all of Birmingham, for appellee.

Denial of liability on other grounds is waiver of notice and proof of loss. Sov. Camp v. Dennis, 17 Ala. App. 642, 87 So. 616. Collision with a stump is a collision, with the meaning of the policy. Freiberger v. Globe Indem. Co., 205 App. Div. 116, 199 N. Y. S. 310. There was no error in rulings on evidence. Traveler's Ins. Co. v. Whitman, 202 Ala. 388, 80 So. 471; Robinson v. Greene, 148 Ala. 434, 43 So. 797; Sellers v. Comm. F. I. Co., 105 Ala. 282, 16 So. 798; Ruthven v. Clarke, 109 Iowa, 25, 79 N. W. 454; Blowers v. Sou. Ry., 74 S. C. 221, 54 S. E. 368.

GARDNER, J. Appellee recovered a judgment against appellant for damages to

an automobile insured under a "collision policy" issued by appellant.

[1] Count 1 followed the Code form analogous thereto, and was sufficient as against the demurrer interposed. Code 1923, vol. 4, p. 503; Royal Exch. Ass'n v. Almon, 202 Ala. 374, 80 So. 456.

It is insisted the defendant was entitled to the affirmative charge both upon the theory of a failure on the part of plaintiff to furnish written proof of loss within 60 days as stipulated in the policy, and, also, by reason of failure of proof to show the car was damaged by accidental collision. There was no written proof of loss, but we are of the opinion the evidence was sufficient from which a waiver thereof may be very reasonably inferred.

C. L. Gandy was secretary of the agency representing the defendant company in Birmingham. He states at one time, "I was the claim adjuster," and then adds, "not claim adjuster for them." He further says he "was manager of the fire insurance department." Gandy, within the time specified for making proof of loss, went with plaintiff's representative to view the damaged car and see about the cost of repairs. There was also present one Chambers, soliciting agent of defendant's agency. Mr. Gandy testified that at that time he explained to plaintiff's representative (Mr. Pincus):

"If it developed that the damage was proper to claim under our policy, we would take care of whatever damage was done by the collision, if there had been a collision."

The parties then considered the method of ascertaining the amount of damages then caused, and agreed upon a mechanic. Correspondence passed between the parties concerning the bill for repairs and its payment. Subsequently, Gandy testified plaintiff's payment of the loss was refused upon the ground that it was not a proper claim under the policy. Upon being asked by Pincus what was to be done about the car, Gandy replied he "did not want anything done about it, only to ascertain whether or not the damage was caused by a collision." Other evidence shows that the question of dispute was whether there had been an accidental collision, and the reasonable inference to be drawn from the evidence is that the refusal of payment was upon the sole ground that the damages were not caused by such collision as contemplated in the language of the policy.

[2] We are of the opinion the proof was sufficient from which the jury could infer a waiver of the clause as to proof of loss. 5 Joyce on Ins. § 3354 et seq.

[3] It is suggested in brief that waiver was not pleaded. There were no special pleadings, the parties pleading in short by consent the general issue, "with leave to

give in evidence any matter which, if well pleaded, would be admissible in defense of the action, and with leave to the plaintiff to give in evidence any evidence which, if well pleaded, would be admissible in reply to such defensive matter."

[4, 5] The insistence for the affirmative charge, upon the theory there was a failure of proof as to an accidental collision as the cause of the damage to the car, is also without merit. True, no one who saw the accident testified, but it appears the facts as to the accident were brought out in the testimony of Mr. Gandy, defendant's witness, on his direct examination. It is also true the facts so appear by way of hearsay evidence, but as it was offered by defendant and was without objection, it of course is to be considered, as parties may try their causes upon illegal proof if they so desire, as has often been decided. That portion of Mr. Gandy's evidence to which we refer is as follows:

"Mr. Pincus asked me what I wanted done about it, and I told him I didn't want anything done about it only to ascertain whether or not the damage was caused by a collision; that after I talked to Mr. Keith's brother again that I would be able to advise him, and I saw Mr. Keith's brother again that afternoon. I asked Mr. Keith's brother how the accident happened, and he said that they were building a new road, that they were road contractors, from Gainesville to Epes, over here in Western Alabama; they were on a piece of new road and they dug out a place for a culvert, and he attempted, he said, to detour around the culvert. and he got hung up on a stump on the detour. the soft dirt gave down, and as he attempted it and caught the car and dragged the bottom off the car. And then he attempted to run it to Birmingham without oil. I explained to Mr. Keith's brother that our policy only covered accident collision, and I asked him if he went around that detour accidently or deliberately, and he told me he did it deliberately, he had to pass."

It then appears there was proof tending to show an accidental collision with a stump in the pathway of the car when the driver found it necessary to make a detour from the regular roadway.

The authorities cited in the recent case of St. Paul Fire Co. v. American, etc., Co., 211 Ala. 593, 100 So. 904, fully support the theory that this was a collision with an object within the meaning of the policy. The facts in the case of Ætna Casualty Co. v. Cartmel, 87 Fla. 495, 100 So. 802, cited by counsel for appellant, are materially different from those in the instant case. The affirmative charge was properly refused.

[6–8] The witness Pincus was properly permitted to describe the condition in which he found the car, and assignments of error 7 and 9 are without merit. If this witness knew that Mr. Gandy was defendant's agent or representative, he may testify thereto without a violation of the rules of evidence.

Moreover, there was no controversy over that question, as the evidence of Gandy himself so discloses. So, also, there was no error in permitting witness Ahrens, an expert on automobile repairing, and who did repair the car, to state that in his opinion the damage to the crank case was from some outside interference, rather than from something breaking loose from the inside.

The argument upon the ruling of the court in denying the motion for a new trial is based upon the questions herein previously discussed in treating the refusal of the affirmative charge, and hence needs no further consideration.

It results we find no reversible error, and that the judgment will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.