PER CURIAM.
Robert Meltsner appeals from an adverse final judgment rendered after the trial court directed a verdict against him at the conclusion of all the evidence.
Appellant argues several different points for reversal but we find it necessary to discuss only two of these points.
We find that there was sufficient evidence presented which would preclude the trial court from directing a verdict on the issue of negligence under Count Two of the amended complaint. National State Bk. of Nwk. v. Robert Richter Hotel, Fla.App. 1966, 186 So.2d 321; Chowning v. Pierce, Fla.App. 1965, 174 So.2d 42; and Chilton v. Dockstader, Fla.App.1961, 126 So.2d 281. We must, therefore, reverse on this point.
Appellant claims that error was committed when the trial court admitted into evidence an insurance policy which had not been countersigned by a local agent in accordance with § 624.0224(1), Fla.Stat., F.S.A.
While this is an accurate statement of the law in Florida, it overlooks the fact that such signature may be waived. See Royal Exchange Assurance of London v. Almon, 202 Ala. 374, 80 So. 456 (1918); Rogers v. American Nat. Ins. Co., 145 Ga. 570, 89 S. E. 700 (1916); State ex rel. Chorn v. Hudson, Mo.App. 1920, 222 S.W. 1049; 29 Am. Jur. Insurance § 214 and 17 Appleman, Insurance Law and Practice § 9442. We find that under the facts herein there was a waiver of the requirement that the insurance policy be countersigned by a local producing agent and hold that no error was committed by permitting the written insurance policy into evidence.
We have examined appellant’s other points for reversal and find them to be without merit.
The order admitting the written insurance policy into evidence is affirmed. The final judgment rendered on the directed verdict is reversed as to the negligence issue presented under Count Two of the amended complaint and remanded for determination by a jury of the issue of negligence, if any.
It is so ordered.